## The Chicago and Alton Railroad Company

*v.*

## John Glenny *et al.*

*Opinion filed October 24, 1898.*

1. SUBROGATION—*fires by engines—insurer, on paying loss, is subrogated to rights of insured.* An insurance company, in case of the destruction by fire, caused by a locomotive, of property upon which it has issued a policy, stands in the position of a surety, and upon paying the loss, for which the railroad company is primarily liable, is subrogated to the rights of the insured to the extent of the amount so paid.

2. VARIANCE—*objection of variance must be specifically made in trial court.* To entitle the defendant to have the question of variance between the allegations and proof passed upon by a court of review, it is essential that the alleged variance be specifically pointed out and urged in the trial court.

3. SAME—*motion for new trial not presumed to have been based on alleged variance.* The Supreme Court will not presume that a motion for new trial was based on an alleged variance between the allegations and proof, where such ground is not specified in the motion.

4. RAILROADS—*statute relating to fires set by locomotives is a rule of evidence.* The act on fires by locomotives, which makes proof of the fact of the communication of the fire *primâ facie* proof of negligence, is a rule of evidence, and plaintiff, after establishing that fact, may rest without proving particular acts of negligence.

5. EVIDENCE—*questions to expert should be put in hypothetical form.* Questions put to an expert witness should be hypothetically framed, unless there is no conflict in the evidence or the witness is personally acquainted with the facts.

6. APPEALS AND ERRORS—*when failure to put question in hypothetical form will not reverse.* Permitting an expert witness to give an opinion as to the value of buildings destroyed by fire, based on a description of such buildings by another witness, is not reversible error, where the value of the buildings was shown by other witnesses and no evidence to the contrary was introduced.

*Chicago and Alton Railroad Co.* v. *Glenny,* 70 Ill. App. 510, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

This was an action on the case by appellees, against appellant, for damages occasioned by fire caused by a passing locomotive on defendant's railroad, destroying certain buildings and personal property belonging to the plaintiffs.   There was a trial by jury resulting in a verdict for plaintiffs for $7849.18.   The trial court required plaintiff to remit $1349.18, and, after overruling defendant's motion for a new trial, the court entered judgment on the verdict for the remaining $6500. The Appellate Court having affirmed that judgment, this appeal is prosecuted.

GEORGE S. HOUSE, for appellant.

R. W. BARGER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The argument of counsel for appellant here is chiefly devoted to a criticism of the opinion of the Appellate Court.   We concur in the views of that court, and regard the objections urged against the reasoning of the opinion without force.

It appears that the property destroyed was partly covered by insurance, and the insurance company had paid the loss before this action was brought.   It is said this suit is in fact brought by that company, the intimation being, that inasmuch as plaintiffs had received compensation for their loss from the insurance company they cannot maintain this action against the defendant.   The insurer stood in the position of a surety, and having paid the loss for which the defendant, by its negligence, was primarily liable, became subrogated to the rights of the plaintiffs to the extent it had paid.   If authority is needed in support of this proposition it will readily be found in our own decisions. (*Peoria Marine and Fire Ins. Co.* v. *Frost,* 37 Ill. 333; *Chadsey* v. *Lewis,* 1 Gilm. 153; *American Express Co.* v. *Haggard,* 37 Ill. 465.)   Other cases might be cited to the same effect, but we regard the law so well settled that it cannot be seriously questioned.

We are urged to review the evidence for the purpose of determining whether it supports the allegations of the declaration. Waiving the question whether the record preserves a ruling of the trial court on that proposition so as to make it one of law, reviewable in this court, we deem it only necessary to say that we think the testimony fairly tended to support the material averments of the declaration. The real point attempted to be urged is, that there was a variance between the allegations and proof. It need scarcely be said that to entitle the defendant to have that question passed upon, even in the Appellate Court, it must have been pointed out and urged at the time of the trial; (*Libby, McNeill & Libby* v. *Scherman,* 146 Ill. 540; *City of East Dubuque* v. *Burhyte,* 173 id. 553;) and this court will not presume that a variance was the ground of a motion to instruct a jury to find for the defendant. *Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100.

Complaint is made of the first and third instructions given to the jury on behalf of plaintiffs. The objection urged against them is, that they treat the first and second counts of the declaration as though they averred the same or similar acts of negligence, whereas the first alleges that the negligence consisted in permitting the right of way to be covered with dry grass and other combustible materials, and the second that the negligence consisted in defective appliances and the improper handling of the locomotive. The instructions authorize a recovery under either count of the declaration, in case both charges of negligence are sustained by the evidence. This certainly did not prejudice the defendant. The law authorizes a recovery upon proof of either one of the charges. If both were proved it was immaterial on which of the counts the jury found. Proof of both would sustain either. But for the reference in the instructions to both the first and second counts no fault could be found with them.

The tenth of plaintiffs' instructions is also criticised. It is based on paragraph 123 of the Railroad law. (3 Starr

& Curtis, 3294.)   The statute reads, "that in all actions against any person or *incorporated company*," etc.   It is insisted that, the defendant not being a *person*, there must have been proof in the record that it was an "incorporated company," else the statute is inapplicable, and that it was error to give this tenth instruction without that qualification.   The summons appears to have been served upon the defendant as a corporation.   There was no plea of *nul tiel corporation*, and the defendant was estopped to deny that it was a corporation.   Such was the condition of the record when the court was called upon to decide the applicability of this instruction to the case.

It is further insisted the same instruction is faulty in not limiting the "*prima facie case*" to fire occasioned by an engine "*while upon or passing along any railroad in this State.*"   That the engine which set the fire did pass along the defendant's railroad is undisputed.   The court, in instructing the jury, was justifiable in assuming that fact.

The further point is made against the instruction that it permits a recovery without proof of the particular acts of alleged negligence.   The statute upon which the action was based is a rule of evidence.   Having made such allegations in their declaration as stated a cause of action, the plaintiffs had the right to invoke the statute as relieving them of the burthen of proof after showing the fire was communicated from the defendant's locomotive, and rest their case without proof of the particular facts constituting the negligence.   None of the objections to the tenth instruction are well taken.

Expert testimony was admitted, over the objection of the defendant, as to the value of the property destroyed. A witness named Dow stated what he observed of the ruins after the fire, and from that observation gave his opinion as to the value of certain farm machinery which had been so burned as to be worthless.   It is insisted this testimony was incompetent.   We do not think so.   It may have been of but little weight, but that was for the jury.

Another witness testified as to the depreciation in the value of buildings, generally, by age, and was then permitted to give his opinion as to the value of those destroyed, based upon the description of them given by the witness Glenny, who was acquainted with them, the witness giving the opinion never himself having seen them. The form in which the question was put to the witness as an expert was not strictly proper. The opinions of witnesses as to values may be based upon a hypothetical statement of what has been already proven in the case,—as to the quality, conditions and situation of the property,—as well as upon their own actual observation. (*Moore* v. *Chicago, Milwaukee and St. Paul Railway Co.* 78 Wis. 120.) Instead of asking the witness his opinion based upon the testimony already in, the question should have been framed hypothetically, so as to embrace such facts as the evidence was supposed to show. "Questions put to an expert on direct examination must be framed hypothetically, unless there is no conflict of evidence as to the facts or the witness is personally acquainted with them." (Bradner on Evidence, p. 537.) It has been permitted in some courts to pursue the course taken in this case, but as we said in *Pyle* v. *Pyle*, 158 Ill. 289, (on p. 300,) "the better and proper practice, however, is to put a question to the witness reciting the supposed facts hypothetically upon which the opinion of the expert is wanted." The error in this case was one of form, rather than of substance. The value of the buildings was shown by other testimony, and no evidence was introduced by the defense to controvert the values shown by the plaintiffs.

We find no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*