### City of Chicago v. Mary Lamb.

1.  EVIDENCE—*As to Merely Possible Future Conditions.*—In a suit for damages as a result of an accident resulting in a hernia, evidence of the danger to one's life from a hernia of that kind is inadmissible, as being too remote and conjectural.

2.  DAMAGES—*Must Be Based upon Actual Conditions.*—Damages must be based upon actual conditions, not mere speculation. It is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they are likely to so develop. To entitle a plaintiff to recover present damages for apprehended future consequences there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury.

3.  WITNESSES—*When Questions Put to Medical Experts Need Not Be Framed Hypothetically.*—Questions put to an expert on direct examination must be framed hypothetically, unless there is no conflict of evidence as to the facts, or the witness is personally acquainted with them.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed December 16, 1902. Rehearing denied January 6, 1903.

ANDREW J. RYAN, city attorney, JOHN E. KEHOE, assistant city attorney, for appellant; JAMES J. KELLY, of counsel.

BRANDT & HOFFMANN, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court. This is an appeal from a judgment recovered by appellee

City of Chicago v. Lamb.

awarding damages for alleged injuries received from falling on a sidewalk.    There is evidence tending to show that she was walking with her husband on the walk in question, when the husband stepped on a loose plank in such a manner as to throw one end of it upward in front of appellee's foot so that she was thrown heavily down; that she suffered a broken rib; that the pleura has adhered to the inner surface of the broken rib, permanently restricting the movement of the lungs and so limiting her power of movement; that the fall caused a miscarriage, and that she was permanently ruptured in the left groin.

It is contended in behalf of appellant that there was error in the admission and exclusion of evidence, and that the award of $3,500 as damages is excessive.

It is not disputed that appellee fell as she says she did. It is urged, however, that her evidence itself tends to show that if ruptured at all by the fall, the rupture was slight and not dangerous; but that by the character of his examination of medical witnesses her attorney was permitted to draw out statements incompetent as evidence, and tending to mislead the jury into the belief that the injury was so serious as to endanger appellee's life.

There is force in this contention.    It is not claimed, so far as we are able to discover, that as a matter of fact appellee has any strangulation of the intestine, or that the conditions are such that such a result could reasonably be expected in the future.    Yet her attorney conducted the examination of medical witnesses apparently on the theory that the possibility of their occurrence was a proper element of damage.    Over objection of appellant's attorneys the medical witnesses proceeded to state that strangulation of the intestine occurs " where the bowels come down and the opening of the hernia closes, and it is nearly impossible to get the bowel back.    If the bowel stays there any length of time it becomes gangrenous, that means, in some cases, dead.    If a hernia can't be reduced and becomes gangrenous, then it will kill the patient."    The ifs in this testimony are significant, but its application to the facts in the

case is by no means apparent. It is true that in reply to a question " whether this hernia is such a hernia as may become strangulated," the witness answered, an objection to this line of examination having been overruled, " Any hernia is liable to become strangulated." The question was put, " What, if anything, is the danger to one's life from that hernia—from a hernia of that kind ? " An objection having been overruled the witness answered : " The danger in hernia is strangulation of the intestines." The Court : " What is it in this case ? ". Answer : " Strangulation of the intestines." The witness then proceeded to describe in detail the manner in which a hernia might become " strangulated," by the intestines coming through the opening becoming constricted, becoming then clogged with fæces until unable to be moved, and that then gangrene would set in; that this would necessitate a surgical operation, and that in such operation " there is risk of infection."

This evidence is clearly incompetent. It substantially amounts to the statement that if all these things happened in regular sequence, the possible result might endanger appellee's life. There is nothing in the evidence to the effect that it was reasonably probable that any of them would happen, or that under ordinary conditions they were even liable to happen. Doubtless it may be true that strangulation of the intestines is a possible danger in cases of hernia. That it is an actual danger in appellee's case, that it is not readily preventable, that it is a probable result of existing conditions, the witnesses do not pretend to say. The proper object of examining them on this point as experts was to have their judgment whether appellee was in fact suffering from strangulation of the intestines or in the ordinary course of events reasonably certain to be as the result of the rupture. Pearson v. Zehr, 31 Ill. App. 199–202. Their testimony was competent as to appellee's present condition, its cause and permanence, not as to merely possible future conditions. O'Brien v. N. Y., N. H. & H. Ry. Co., 13 N. Y. Sup. 305. As is said in C. & N. W. Ry. Co.

City of Chicago v. Lamb.

v. Town of Cicero, 154 Ill. 656, " The weight and value of
the testimony of expert witnesses largely depend upon the
foundations of fact and reason upon which their opinions
stand." There is danger to a lame man who is not able to
move rapidly, if a run-away horse comes along just as he
is crossing a street. But in an action to recover from a
street railway company for causing the lameness, evidence
of such a possible danger and its possibly fatal results would
not be tolerated. It is too remote, purely speculative and
without doubt incompetent. Many things are remotely
possible which never occur, and are never likely to occur.
Damages must be based upon actual conditions, not mere
speculation.

Testimony of this character has been frequently consid-
ered by courts of review. In McReynolds v. B. & O. Ry.
Co., 106 Ill. 152–156, it is said with reference to certain
testimony: " But injury from the other sources of danger
above named would be but merely possible. Such merely
possible damages do not form a proper basis for the assess-
ment of the amount of damages; it is only such damages
that are reasonably probable." See Jones v. Chicago & Iowa
R. R. Co., 68 Ill. 380; see also Conness v. I. I. & I. R. R.
Co., 193 Ill. 464–473. Blate v. Third Avenue R. Co., 44
N. Y. Sup. 615, was, like that before us, a case of rup-
ture or hernia, in which a medical witness was allowed to
state " what sometimes happens as the consequence of such
a condition of things." The opinion quotes from Strohm
v. Railroad Co., 96 N. Y. 306, in which it is said : " Future
consequences which are reasonably to be expected to follow
an injury may be given in evidence for the purpose of
enhancing the damages to be awarded. But to entitle such
apprehended consequences to be considered by the jury,
they must be such as in the ordinary course of nature are
certain to ensue. Consequences which are contingent,
speculative, or merely possible, are not proper to be consid-
ered in ascertaining the damages. It is not enough that
the injuries received may develop into more serious condi-
tions than those which are visible at the time of the injury,

nor even that they are likely to so develop. To entitle a plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury." To the same effect are O'Brien v. N. Y., N. H. & H. R. Co., 13 N. Y. Sup. 305 (*supra*); Elsas v. Second Ave. R. Co., 9 N. Y. Sup. 210; Atkins v. Manhattan Ry. Co., 10 N. Y. Sup. 432.

The testimony under consideration tended to give the jury an impression not justified by the facts in evidence, that appellee was in danger of losing her life as a direct consequence of a simple hernia or rupture, as to the existence of which there is contradictory evidence. Appellee testified that her second child was born eleven months after the accident and that she did not commence to wear a truss until three months before that event, or eight months after the accident which is alleged to have been the cause of the rupture. Whatever the facts may be, and what we have said, is not to be construed as expressing any opinion in that respect, as the case must be retried, the evidence complained of was, we think, incompetent, and erroneously admitted.

Objection is made that questions to the medical witnesses should have been put hypothetically. In C. & A. R. R. Co. v. Glenny, 175 Ill. 238–242, it is said, quoting from Bradner on Evidence, p. 537: " Questions put to an expert on direct examination must be framed hypothetically, unless there is no conflict of evidence as to the facts, or the witness is personally acquainted with them." Here appellee's medical witnesses testified that they were acquainted with the facts, and the objection is not well taken.

The objection is urged that the damages are excessive. It is impossible to say to what extent the jury were affected by the prejudicial testimony. Appellant is entitled to have the case retried, and the judgment must be reversed and the cause remanded.