CALEDONIA INSURANCE COMPANY, RESPONDENT, *v.* NORTHERN PACIFIC RAILWAY COMPANY, APPELLANT.

(No. 2,033.)

(Submitted December 13, 1904. Decided February 10, 1905.)

*Fire Insurance—Subrogation—Rights of Party Subrogated—Recovery of Statutory Interest.*

1. The right to recover damages for the negligent destruction of property by fire, together with interest recoverable in the discretion of the jury under Civil Code, section 4281, is assignable under Civil Code, section 1351, and passes by subrogation to an insurance company to the extent of the proportion of the loss paid by it to the owner of the property destroyed.

*Appeal from District Court, Custer County; C. H. Loud, Judge.*

ACTION by the Caledonia Insurance Company against the Northern Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. William Wallace, Jr.,* and *Mr. Charles Donnelly,* for Appellant.

At the common law, interest can never be allowed in an action of tort for unliquidated damages. (*Isaacs* v. *McAndrew,* 1 Mont. 454; *Randall* v. *Greenhood,* 3 Mont. 512; *Palmer* v. *Murray,* 8 Mont. 185 , 19 Pac. 553; *Railway Co.* v. *Conway,* 8 Colo. 1, 54 Am. Rep. 537, 5 Pac. 151; *Railway Co.* v. *Moynahan,* 8 Colo. 56, 5 Pac. 811; *Kennie* v. *Railway Co.,* 63 Mo. 99; *Atkinson* v. *Railway Co.,* 63 Mo. 367; *Meyer* v. *Railway Co.,* 64 Mo. 542; *De Steiger* v. *Railway Co.,* 73 Mo. 33.)

When, in an action for the negligent destruction of property it is, by statute, left with the jury to say whether interest on the damages shall be allowed, or withheld, it can only be upon the principle that in some cases negligence is attended with circumstances of aggravation which warrant the recovery of additional damages for it. (See 2 Greenleaf on Evidence, secs. 253-273; *Fay* v. *Parker,* 53 N. H. 342, 16 Am. Rep. 270; *Stewart* v. *Maddox,* 63 Ind. 51; *Murphy* v. *Hobbs,* 7 Colo. 541, 49 Am. Rep. 366; *Smith* v. *Holcomb,* 99 Mass. 552; *Austin* v. *Wilson,* 4 Cush. 273, 50 Am. Dec. 766, and note; *Boyer* v. *Barr,* 8 Neb. 68, 30 Am. Rep. 814; *Detroit Daily Post Co.* v. *McArthur,* 16 Mich. 447; *Welch* v. *Ware,* 32 Mich. 84; *Durfee* v. *Newkirk,* 83 Mich. 522, 47 N. W. 351; *Pegram* v. *Stortz,* 31 W. Va. 220, 6 S. E. 485; *Spokane Truck Co.* v. *Hofer,* 2 Wash. 45, 26 Am. St. Rep. 842, 25 Pac. 1072, 11 L. R. A. 689.)

*Mr. Sydney Sanner,* and *Messrs. Van Ness & Redman,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On June 30, 1900, certain buildings belonging to Sarah J. Harn, and situated in Miles City, were destroyed by fire occasioned, it is alleged, by the negligence of the Northern Pacific Railway Company. The buildings are alleged to have been of the value of $1,068, and were insured by the respondent com-

pany for $800.   After the fire the insurance company paid the amount of the insurance, and then brought this action to recover such amount, with interest, from the railway company. A trial was had, which resulted in a verdict in favor of the insurance company for $800, and for $213.33 interest.   From the judgment entered on this verdict, the railway company appealed.

Upon the trial the court, by three different instructions, in effect told the jury that, if they found for the plaintiff, they might also, in their discretion, allow interest on the amount of such recovery from the date of the payment by the insurance company to Mrs. Harn.   The only error assigned on this appeal is the giving of these instructions.

It is apparent that the district court proceeded upon the theory that section 4281 of the Civil Code was applicable to the facts of this case.   That section reads as follows: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud or malice, interest may be given, in the discretion of the jury."

Counsel for appellant contend that, admitting that Mrs. Harn could have recovered the value of her property, with interest thereon, in the discretion of the jury, the insurance company could not recover anything beyond the amount actually paid by it, and that the interest which might have been allowed to the owner is in the nature of a purely personal right to her, and awarded because of some circumstances of aggravation attending the destruction of her property.   But in this we think counsel is in error.

It is conceded by counsel for appellant in their brief that "in an action brought by Mrs. Harn, the owner of the property in question here, to recover damages for the destruction of it, the instructions here complained of would be unexceptionable." Then, if the circumstances of the burning of Mrs. Harn's buildings were such that a jury might with propriety award her interest in addition to the value of the property, it followed that her cause of action was of that particular character contemplated by section 4281 above.

The next inquiry is, Was such cause of action assignable? For subrogation is merely an equitable assignment, or an assignment by operation of law.   Section 1351 of the Civil Code provides: "A thing in action, arising out of the violation of a right of property, or out of an obligation, may be transferred by the owner."   It is clear that in this instance Mrs. Harn's cause of action arose out of the violation of a right of property, and such right of action, or thing in action, is declared by this section to be assignable.   A distinction is made in the authorities between a right of action growing out of a violation of property rights, which is generally held to be assignable, and a right of action growing out of the violation of some purely personal right, as, for instance, a simple personal tort, as an action for malicious prosecution, for libel, etc., which is generally held to be nonassignable; and it appears that this particular distinction is recognized by our section 1351 above, which only provides for the assignability of the first class.

A general rule respecting the extent of the right acquired by subrogation in an action of this character is given in 27 American and English Encyclopedia of Law, second edition, 260, as follows: "If insured buildings or other property are destroyed through the fault or negligence of some person other than the owner, the insurance company, upon payment of the loss, will be subrogated to the right of the owner to recover from the wrongdoer.   This right of subrogation is frequently enforced against railroad companies which have become liable to the owners of property on account of fires caused by their locomotives.   And in some jurisdictions the right is confirmed by statute.   The rights of the insurer against the wrongdoer can be no greater than those of the insured, and its recovery will be limited to the amount which it has paid on the loss."   The same rule, in different language, but embodying the same meaning, is given in 2 Current Law, 1768, as follows: "The general rule is that, when of two or more persons, each liable to a third, one ought to pay rather than the others, and one of the latter does pay the indebtedness, he is thereupon subrogated so as to

stand in the shoes of the creditor, with all his rights and remedies against the principal."

If the insurance company had purchased Mrs. Harn's entire cause of action against the railway company, it would have been placed in her shoes, and entitled to assert whatever claim she might have asserted, and that claim, as we have seen, was one for the value of her property destroyed, and interest thereon, if in their discretion the jury saw fit to allow interest; and we are unaware of any principle of law or reason which will deny to the insurance company its *pro rata* interest in that right, when, as in this instance, it became subrogated to only a portion of the claim, instead of the whole of it.    (*Chicago etc. R. Co.* v. *Glenny,* 175 Ill. 238, 51 N. E. 896.)    A case somewhat analogous in principle is that of. *Everett* v. *Central Iowa Ry. Co.,* 73 Iowa, 442, 35 N. W. 609.    Under the Iowa Code a railway company is required to pay for stock killed by it within thirty days after notice thereof by the owner of the stock, and, if such payment is not made within thirty days after such notice, double damages may, be recovered.    In this case it was held that a claim against a railroad company for killing stock is assignable, and, if the claim be not paid within thirty days after notice by the assignee of the claim, he may recover double damages, just as his assignor of the claim might have done. In considering the question the court said: "But it is insisted that the assignee could not acquire more by the assignment than the actual claim assigned, which, at the time of the assignment, was the right to recover actual damages, and no more. *    *    *    Counsel for defendant contend that by the very language of the statute there can be no recovery of the double damages by anyone but the owner of the stock.    The language is that 'such owner shall be entitled to recover double the value of the stock killed, or damages thereto.'    (Code, sec. 1289.) But the word 'owner' is not used in the statute in a restrictive sense.    In the absence of a statute forbidding it, all demands are assignable, and it would be useless verbiage if the statute should, when it defines a right of action, always confer the right of action on the party in interest *or his assignee*.    We

think it is quite clear that the assignment carried with it all the rights of the assignor, as well as those which had already accrued, and those which might arise in the collection of ·the claim."

The right to interest in this case, as the right to double damages in the stock-killing case, is purely a statutory right.   It is an incident which may attach to a certain class of actions, and the one at bar belongs to that class.   An assignment of the right of action carries with it the incident.

It would seem, then, that to the extent of $800, the amount paid by the insurance company to Mrs. Harn, that company is subrogated to her rights, and may rightly claim the sum paid by it, with interest, if the jury in their discretion determined that the circumstances attending the destruction of the property were such as to justify the allowance of interest.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.