**McNEIL CONSTRUCTION COMPANY, a corporation, Plaintiff,**

v.

**LIVINGSTON STATE BANK, a corporation, Defendant.**

**No. 758.**

United States District Court
D. Montana,
Helena Division.

July 15, 1960.

See also 155 F.Supp. 658.

198

Brown, Sande, Symmes & Forbes, Billings, Mont., for plaintiff.

Luxan & Scribner, Helena, Mont., for defendant.

MURRAY, Chief Judge.

In a former decision in this case on December 4, 1957, this Court held that McNeil Construction Company was not the proper party plaintiff and could not maintain the action in its own behalf, but because it had been suggested in briefs that McNeil should be permitted to maintain the action on behalf of Seaboard Surety Company as a trustee of an express trust, leave was granted McNeil to file an amended complaint to attempt to state a claim as trustee of an express trust. McNeil Construction Co. v. Livingston State Bank, D.C., 160 F.Supp. 809. Pursuant to this leave, plaintiff filed an amended complaint attempting to state a claim as trustee of an express trust for Seaboard, and defendant moved to dismiss the amended complaint upon the ground that it failed to state a claim upon which relief could be granted. After hearing, and considering the case in its entire context, including the decision of December 4, 1957, this Court held on April 10, 1958, that the amended complaint did not state a claim as trustee of an express trust upon which relief could be granted, and dismissed the amended complaint. Defendant appealed, challenging the correctness of this Court's decisions of December 4, 1957,

and April 10, 1958, and the Court of Appeals for the Ninth Circuit reversed. McNeil Construction Co. v. Livingston State Bank, 265 F.2d 308, 312.

The Court of Appeals did not consider or review this Court's ruling of December 4, 1957, holding simply that the amended complaint stated a claim for debt upon which relief could be granted, and reversed the case with directions to this Court to order stricken from the amended complaint "the exhibits attached thereto, all allegations concerning Lex Lamb or the theft of blank checks or the forgery of appellant's (McNeil's) name or the payment of forged checks, and all allegations concerning Seaboard Surety Company or the blanket position bond or the application for reimbursement or the loan receipt agreement or the payment thereunder," and to deny the motion to dismiss the amended complaint.

Upon compliance with the mandate of the Court of Appeals, and striking the allegations directed to be stricken, the amended complaint alleged in substance the corporate existence of the parties and that the matter in controversy exceeds $3,000; that the defendant is engaged in the banking business; that plaintiff is engaged in the general construction business, and maintained a bank account with the defendant bank in excess of $5,000; and that the defendant refuses to refund to plaintiff the sum of $4,148.-16, which is alleged to be due and owing to plaintiff from defendant.

To this amended complaint, defendant filed an answer containing three defenses, the first a general denial; the second an allegation that the sum of $4,148.16 was paid by defendant in honor of payroll checks of the plaintiff company drawn on the bank account referred to in the amended complaint and made payable to one Lex Lamb, an employee of the plaintiff, and that plaintiff had been paid said sum of $4,148.16 by Seaboard Surety Company, the surety for said Lex Lamb. The third defense in the answer is that plaintiff is not the real party in interest for the reasons set forth in the second defense.

Thereafter, defendant filed a motion for summary judgment, supported by the affidavit of one of counsel for defendant, and plaintiff filed a cross-motion for summary judgment, based upon the affidavits previously filed in support of its former motion for summary judgment. Thus the case now presents precisely the same issues as were considered by the Court and decided in its decision of December 4, 1957, 160 F.Supp. 809, and reference is made to that decision for a recital of the facts appearing from the affidavits. Those issues are:

1. Did the advance of $4,148.16 by Seaboard Surety Company to McNeil Construction Company under the loan receipt agreement constitute "payment" or merely a loan; and

2. If such advance was in fact "payment" and not merely a "loan", is McNeil Construction Company the proper party plaintiff to maintain this action under the provisions of Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.?

One question which was suggested but not decided in the decision of December 4, 1957, has been put to rest by the Court of Appeals' decision, and that is the question of whether McNeil Construction Company could recover in this action as trustee of an express trust for Seaboard Surety Co. The Court said, at page 312 of 265 F.2d:

> "The amended complaint alleged that the action was brought by appellant 'not only on its own behalf, but as trustee of an express trust under the provisions of Exhibit B,' meaning, obviously, the provisions of the loan receipt agreement. It did not appear from the amended complaint that appellant was, in fact, the trustee of an express trust under the provisions of the loan receipt agreement or otherwise. Thus the amended complaint failed to state a claim upon which relief could

be granted to appellant as such trustee."

■ Likewise, any issue of negligence on the part of the defendant bank in cashing the checks has no place in this case. That issue would be relevant and material only in an action for negligence, or in an action by the surety against the bank in determining whether the equities in favor of the surety outweighed those in favor of the bank so as to entitle the surety to subrogation. Meyers v. Bank of America Nat. Trust & Savings Ass'n, 11 Cal.2d 92, 77 P.2d 1084; American Bonding Co. v. State Savings Bank, 47 Mont. 332, 133 P. 367, 46 L.R.A.,N.S., 557. Obviously this is not an action by the surety, and the Court of Appeals has held that it is an action for debt, not for negligence.

■ On the issue as to whether the loan receipt transaction between Seaboard Surety Company and McNeil Construction Company constituted payment to McNeil or merely a loan, the Court adheres to its opinion expressed in the decision of December 4, 1957, that the transaction constituted payment to McNeil for the reasons set forth in that decision. That opinion is further confirmed by a consideration of the decision of the Montana Supreme Court in Rae v. Cameron, 112 Mont. 159, 114 P.2d 1060, cited by plaintiff. While the Montana Court in that case was not considering a loan receipt transaction such as is here involved, it did undertake to define what a loan is in these words, at page 1063 of the Pacific Reporter:

"In disposing of this cause, we do so after having had the advantage of reargument of counsel on rehearing. At that time, emphasis was centered particularly on the proposition that the agreement contemplated no more than a loan transaction. With this contention we cannot agree, chiefly because of the contingent circumstances set forth in the agreement under which reimbursement was to be made for funds advanced, and the general tenor thereof as well. Without extended comment on that phase of the matter we content ourselves with the following quotation from Volume 38 C.J. 127: 'A loan is temporary, a temporary letting for a temporary use. It is an essential and characteristic feature of a loan that it be returnable. The borrower expressly or impliedly promises to return the thing loaned. The word "loan" implies an obligation to repay. From the use of the term in its ordinary signification, the law implies a promise to repay. *If the obligation to return is based on a contingency or on a certain condition which may or may not happen or occur, the transaction is not a loan. * * *'* (Citing cases.)" (Emphasis supplied.)

Under the loan receipt agreement the money advanced by Seaboard to McNeil was repayable only in the event and to the extent of any net recovery McNeil might make from any third person causing or liable for the loss, obviously a contingency which might or might not occur. Therefore, under the definition of the Montana Supreme Court above quoted, the transaction was not a loan, and for the reasons set out in the decision of December 4, 1957, it resulted in payment to McNeil of the money owed it.

The remaining question is whether McNeil, having been paid in full by Seaboard, is the proper party plaintiff in this action, and for the reasons set out in the opinion of December 4, 1957, and for the additional reasons below, the question must be answered in the negative.

■ Rule 17(a) of the Federal Rules of Civil Procedure provides that every action, with certain exceptions not applicable here, shall be brought in the name of the real party in interest. The question as to who is the real party in interest in an action in the Federal Court is one of federal law, but in determining who is the real party in interest under federal law, the Court must first ascertain who has the substantive right of action under the law of the state in which the action arose. American Fidel-

ity & Casualty Co. v. All Am. Bus Lines, 10 Cir., 179 F.2d 7.

It must first be determined, then, who has the substantive right of action under the law of Montana. In 29A, Am.Jur. 797, "Insurance", Sec. 1719, it is stated:

"The general rule is that upon payment of a loss, the insurer, or insurers in case of coinsurance, are entitled to be subrogated pro tanto to any right of action which the insured may have against a third person whose negligence or wrongful act caused the loss."

This general law has been recognized and applied in Montana in many cases. Caledonia Ins. Co. v. Northern Pacific Ry. Co., 32 Mont. 46, 79 P. 544; Aetna Accident & Liability Co. v. Miller, 54 Mont. 377, 170 P. 760, L.R.A.1918C, 954; State ex rel. Rankin v. Banking Corp. of Mont., 77 Mont. 134, 251 P. 151; Cascade County, Mont. v. United States, D.C.Mont., 75 F.Supp. 850; Hardware Mutual Casualty Co. v. Butler, 116 Mont. 73, 148 P.2d 563; American Equitable Assurance Co. v. Newman, 132 Mont. 63, 313 P.2d 1023.

█ Thus, under Montana law, the substantive right of action, the substantive right to the proceeds of any recovery, belongs to the insurer who has paid the loss in full, in this case, Seaboard Surety Company.

It then becomes a question to determine under the federal law who is the proper party to assert that right to recover. Rule 17(a) requires that the action be brought in the name of the real party in interest. In considering this requirement of the rule in an insured-insurer-subrogation case, the Supreme Court of the United States in United States v. Aetna Casualty & Surety Co., 338 U.S. 366, at page 380, 70 S.Ct. 207, at page 215, 94 L.Ed. 171, said:

"If the subrogee has paid an entire loss suffered by an insured (as Seaboard has here) it is the only real party in interest and must sue in its own name."

See also American Fidelity & Casualty Co. v. All Am. Bus Lines, supra.

█ Plaintiff cites Rae v. Cameron, supra, in support of its contention that it is a proper party plaintiff in this action. The Rae case dealt with the assignee of 21 wage claims and held that such assignee was a proper party to maintain an action on those claims under the provisions of Sec. 9067 (93-2801) of the Revised Codes of Montana, 1947. The Court does not believe that it follows from that decision that in the circumstances of this case that McNeil is the proper party plaintiff even under the Montana Code Section, but in any event, that section and case is not controlling on this question. Sec. 9067 (93-2801) of the Revised Codes of Montana, which was under consideration in Rae v. Cameron, deals with the real party in interest requirement of the Montana Code. It is the equivalent of Rule 17(a) of the Federal Rules of Civil Procedure, and is a remedial or procedural statute. In matters of procedure this Court is controlled by federal rather than state law and would not be governed by Rae v. Cameron, even if that case required a decision different than the Court has arrived at. On the contrary, this Court is bound by the holding in United States v. Aetna Casualty & Surety Co., supra.

For the foregoing reasons it is ordered and this does order that the motion of defendant for summary judgment be and the same hereby is granted, and the cross-motion for summary judgment of plaintiff be and the same hereby is denied.

It is further ordered that counsel for defendant prepare a form of judgment in accordance herewith, submit it to counsel for plaintiff for approval as to form only, and lodge it with the Clerk in accordance with the provisions of Rule 11 of the Rules of this Court.

It is further ordered that the Clerk of this court forthwith notify the attorneys of record for the respective parties of the making of this order.