Reinhold Franke *et al.*

*v.*

George Hanly.

*Opinion filed April 17, 1905.*

1. Amendments—*when amendment may be made after verdict.* Upon the question of variance between the declaration and the proof being raised on motion for new trial the court may permit the declaration to be amended to conform to the proofs, where the amendment works no surprise to the defendant and serves no purpose except to permit a recovery for the cause of action intended to be set out in the declaration.

2. Evidence—*when evidence of a prior injury is admissible to show notice.* Evidence that another person had been injured by the same machine about a month before plaintiff's injury, and that he then notified the defendant how he had been injured and that the machine was out of repair, is competent for the purpose of showing notice to the defendant of the condition of the machine.

3. Master and servant—*when master is liable for injury to a servant.* If a master, having notice that a machine is defective, puts a servant having no knowledge of the fact to work upon the machine without notifying him of its condition, the master is liable for the servant's injury by reason of the defective condition, even if he had not ascertained the precise part of the machine which was defective.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. Clifford, Judge, presiding.

Utt Bros., for appellants.

Peter Montague, and Theodore G. Case, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This was an action on the case brought by the appellee, against the appellants, to recover damages for a personal injury alleged to have been sustained by the appellee while in the employ of the appellants. The declaration contained two counts, which alleged, in substance, that the appellee was

employed to work in the factory of the appellants upon a shaping and moulding machine which appellants negligently and carelessly permitted to be and remain in an unsafe and dangerous condition, so that, while appellee was engaged at his work and exercising due care for his own safety, the head or top of said machine, which had become worn, loose and out of repair, which fact was known to the appellant but was unknown to appellee, dropped, suddenly and without warning to appellee, through the table upon which it was fastened and caught and injured the fingers and thumb of appellee. The general issue was filed. The jury returned a verdict in favor of the appellee for the sum of $1500, upon which verdict the trial court, after overruling a motion for a new trial and permitting the first count of the declaration to be amended, rendered judgment, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

It is first contended that there was a fatal variance between the original declaration and the proofs, and that the court erred in permitting appellee to amend the first count of his declaration after verdict. The evidence of appellee tended to show that the end of the lock screw, which was located beneath the table, and which, when properly adjusted, held the head or top of the machine in place and prevented it from moving up or down when in use, was worn off smooth, so that it did not securely hold the head or top of the machine in its place when in use, and that the head or top of the machine dropped by reason of the defective condition of said lock screw, and not by reason of any defect in the head or top of the machine. Upon the argument of the motion for a new trial, the question of variance being raised, the court permitted the appellee to amend the first count of his declaration by inserting therein the words "lock screw," so that it read, "the head or top and lock screw of said machine, which had become worn, loose and out of repair, which fact was known to said defendants but was wholly unknown

to said plaintiff, caused said head or top to drop suddenly without warning to said plaintiff," whereby he was injured, etc. We agree with the trial and Appellate Courts that there was a variance between the original declaration and the proofs, but think, with those courts, said variance was removed by the amendment to the first count of the declaration, and that under section 1 of the act in regard to amendments and jeofails, and section 23 of the Practice act, as heretofore construed by this court, (*Milwaukee Mechanics' Ins. Co.* v. *Schallman,* 188 Ill. 213, and other cases,) the amendment was properly allowed after verdict. On the trial the machine was produced before the jury and the condition of the end of the lock screw fully shown to them. The only purpose of the amendment was to make the declaration fit the proofs, and the amendment could have worked no surprise upon the appellants and served no purpose other than to permit a recovery for the cause of action which was intended to be set out by the appellee in his declaration.

It is next contended that the court erred in permitting the witness Schultz, who had been injured while at work with said machine about a month prior to the injury of the appellee, to testify to that fact, as, it is said, the machine had been repaired after he was injured and before appellee was set to work upon the machine. As we understand the testimony found in this record, the lock screw had not been replaced or repaired between the time of the injury to Schultz and the injury to appellee, but that the repairs made upon the machine were made upon the head or top. Schultz testified he notified appellants the machine was out of repair, and that the head was not secure but likely to drop while the machine was in use, and they agreed to repair the machine so soon as they had time, but that he was injured by reason of the head or top of the machine dropping upon his hand within a day or two and before the machine was repaired, and that he notified appellants that he was injured by the falling of the head or top of the machine, immediately after sustaining

such injury. We think the evidence of Schultz was properly admitted for the purpose of bringing notice home to the appellants of the defective condition of the machine.

It is also contended that the trial court erred in declining to take the case from the jury at the close of all the evidence. The evidence introduced by the appellee tended to show that the machine had been in use eighteen years, and that the lock screw, which was designed to hold the head or top of the machine in place, was worn smooth upon the end, and that it did not securely hold the head or top of the machine in place when in use; that the appellants had been notified that the head or top of the machine had dropped while it was being used by Schultz and his hand injured thereby, and that they put the appellee to work upon the machine without notifying him of the defective condition of the lock screw and that the head or top of the machine was likely to drop, and that prior to his injury the appellee had no knowledge that said lock screw was defective or that the head or top of the machine was likely to drop when in use. While the evidence does not clearly show that the appellants knew the lock screw was defective at the time they put appellee to work upon the machine, it does show they had notice that the head or top of the machine was likely to drop when the machine was in use, and from the construction of the machine it is apparent an inspection of the machine would have readily disclosed wherein the defect was. If, with knowledge that the head or top of the machine was likely to drop when the machine was in use, they set the appellee, who did not have such knowledge, to work upon the machine and failed to notify him of such defect, they cannot relieve themselves from liability for an injury to the appellee by reason of the head or top of the machine dropping upon his hand while he was using the machine, on the ground that they had not, by inspection or otherwise, located the defect in the machine to be in the lock screw. The law required the appellants to furnish the appellee with a reasonably safe machine with

which to do his work, and if they furnished him a machine which they knew to be defective and which he did not, without notifying him it was defective, they are liable to him if he was injured by reason of the defective condition of the machine, although they did not know the precise part of the machine in which the defect was located. The court did not err, therefore, in refusing to take the case from the jury.

We find no reversible error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*