WRIGHT ET AL., RESPONDENTS, *v.* CITY OF BUTTE,
APPELLANT.

(No. 4,874.)

(Submitted September 15, 1922.   Decided October 10, 1922.)

[210 Pac. 78.]

*Cities and Towns—Change of Grade of Street—Damages to Property—Elements of Damages—Evidence—Interest.*

Cities and Towns—Change of Street Grade—Damages—Evidence Admissible.
  1.  In an action against a city for damages occasioned to plaintiff's property by a change of a street grade, evidence tending to prove the value of the improvements placed upon the premises between the time of purchase and the time the grading was done was properly admitted, as against the objection that plaintiff could not recover for any improvements made after establishment of the grade and before the grading was done, where there was no evidence showing when the grade was established.

Same—Elements of Damages—Evidence.
  2.  Evidence tending to prove the cost of building a retaining wall made necessary by the grading of a street, of the construction of steps leading to the residence on the premises, as well as the value of trees the roots of which were cut in the grading operations, thus causing them to die, and the cost of removal of shrubbery, *held* admissible.

Same—Conflict in Evidence—Verdict Conclusive.
  3.  Where the evidence on the question of damages sustained was conflicting and the verdict was approved by denial of defendant's motion for a new trial, the result reached will not be disturbed on appeal.

Same—Lowering Water-pipes—Measure of Damages.
  4.  The measure of damages occasioned to a property owner by the grading of a street necessitating the lowering of water-pipes is the value of the work done and materials furnished in lowering them, the price paid being some evidence thereof.

Same—Interest—Discretion.
  5.  In an action for damages against a city for damages caused to plaintiff's property by the grading of a street, the jury may, in their discretion, allow interest on the amount awarded from the time of the completion of the work, under section 8663, Revised Codes of 1921.

1.  Liability of municipal corporation for injury to abutting property from changing the grade of a street under a constitutional provision against "damaging" private property for public use without compensation, see notes in 30 Am. St. Rep. 837; 10 Ann. Cas. 849; 36 L. R. A. (n. s.) 1194; L. R. A. 1915A, 382.

4.  Cost of restoration as measure of damages for injury to real property, see note in 17 L. R. A. 426.

5.  Right to interest in condemnation proceedings, see notes in 15 Ann. Cas. 108; L. R. A. 1918C, 1109.

*Appeals from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Nelson S. Wright and wife against the City of Butte. From a judgment for plaintiffs and an order over-ruling defendant's motion for new trial, defendant appeals. Affirmed.

*Mr. John O. Davies, Mr. Miles J. Cavanaugh* and *Mr. David H. Wittenberg,* for Appellant, submitted a brief; *Mr. Wittenberg* argued the cause orally.

The courts generally hold that the city is not liable for injuries caused to improvements by an establishment of or change in a street grade if such improvements were made after the decision to so establish or change the grade had become a matter of record. (28 Cyc. 1083; *Blair* v. *Charleston,* 43 W. Va. 62, 64 Am. St. Rep. 837, 35 L. R. A. 852, 26 S. E. 341; *Manning* v. *City of Shreveport,* 119 La. 1044, 13 L. R. A. (n. s.) 452, 44 South. 882.)

The court erred in admitting testimony as to the things necessary to be done to restore the property as nearly as might be to the condition it was in just prior to the grading of the streets. The objection is based upon the theory that evidence of the cost of the restoration is admissible only to reduce, not to increase, the damages resulting from the trespass. (38 Cyc. 1126, 1127; *Eby* v. *City of Lewistown,* 55 Mont. 113, 126, 173 Pac. 1166.)

The ruling of the court in admitting, over appellant's. objection, testimony cencerning the amount paid for lower-ing certain water-pipes was error. The question properly is not what was actually paid on this account but what was the reasonable cost of lowering the pipes. (*Storm* v. *City of Butte,* 35 Mont. 385, 89 Pac. 726.)

Appellant should have been permitted to show if it could that the value of respondents' property was enhanced by the

improvements and that they were not entitled to recover anything.  (*Eby* v. *City of Lewistown, supra.*)

*Messrs. Maury & Melzner* and *Mr. N. A. Rotering,* for Respondents, submitted a brief; *Mr. H. L. Maury* argued the cause orally.

MR. COMMISSIONER LEIPER prepared the opinion for the court.

The plaintiffs (respondents herein) are the owners of lots numbered 21 and 22 in block numbered 11 of the Montrose addition to the city of Butte.  The lots in question are sixty-five feet in width and 100 feet in depth.  For a distance of sixty-five feet, these lots front and adjoin on Porphyry Street in said city, and for a distance of 100 feet lot numbered twenty-two fronts on and is adjacent to Western Avenue in said city.  The evidence discloses that the plaintiffs purchased these premises in 1911; that at the time of said purchase there was thereon a one-roomed house.  In 1912 plaintiffs began the excavation of a basement and the construction of a house thereon, which was completed in the year 1913; that at the time of the purchase of the lots in question, and at the time of the construction of the house thereon, there was a traveled street in front of and along said lots, which was used commonly by the public generally as a street, and had been so used for many years; that in the years 1917 and 1918 the city of Butte lowered the grade of Porphyry Street, adjacent to said lots, from three to six feet, and also lowered the grade of Western Avenue to about the same extent, thus leaving the premises in question a considerable distance above the level of Porphyry Street and Western Avenue.

This action is brought for the recovery of the damage alleged to have been sustained by plaintiffs as a result of changing the grade of Porphyry Street and Western Avenue.  The complaint contains the usual allegations as to the corporate capacity of the defendant city, the ownership of the lots by the

plaintiffs, and the complaint further alleges: "That within the years 1917 and 1918, the said defendant without giving to the plaintiffs any notice of its intention so to do and without having appointed appraisers to appraise the damages or benefits which would result to the plaintiffs, who were in possession of the said premises, by reason thereof, and without agreeing or attempting to agree with the plaintiffs with reference thereto, and without paying or offering to pay to the plaintiffs the damages they would suffer to said premises by reason thereof, did enter upon said Porphyry Street and upon said Western Avenue in the city of Butte and did lower and cut down the said Porphyry Street to the extent of three and one-half (3½) feet to six (6) feet below its former level and below plaintiffs' said lots, and did enter upon said Western Avenue in the city of Butte, and did lower and cut down said street to the extent of three (3) feet to six (6) feet below the former level of said street and below the former level of plaintiffs' said lots, and that now, because of said cutting down and lowering of said streets, plaintiffs' premises and buildings are approximately six (6) feet above the grade and surface of said Porphyry Street and Western Avenue. That by reason of the change of grade and cutting and lowering of said Porphyry Street and Western Avenue in front of and along plaintiffs' premises as hereinbefore alleged the said lots, buildings, and premises of plaintiffs have been damaged in this: That it rendered the same inconvenient to access, and has destroyed fences, approaches, stone walls and necessitated the moving of trees and vines, which plaintiffs planted six years previous to the year 1917, to the damage of plaintiffs in the sum of five hundred ($500) dollars, or more, and that by reason of said grading and changing of grade, cutting down and lowering of said streets, said premises have been greatly damaged, reduced and depreciated in their reasonable market value, to-wit, in more than eighteen hundred ($1,800) dollars. That because of the said grading, lowering, and cutting down of said streets it will be necessary for plaintiffs to build a re-

taining wall along the said Porphyry Street and a retaining wall along said Western Avenue at a cost and damage of seven hundred fifty ($750) dollars, or more; that the service-pipes connected with said house, because of said lowering and cutting down of said streets had to be changed and lowered twice, and the sewer-pipes which are connected with said house because of the said lowering and cutting down of said streets had to be lowered once at the cost and damage of one hundred ($100) dollars.''

The answer admits the corporate capacity of the defendant, the ownership of the property in question by the plaintiffs, and denies generally all of the other allegations of the complaint. This cause was tried to a jury, which returned its verdict for the plaintiffs in the sum of $1,200 and interest thereon from September 1, 1918. Judgment was rendered on such verdict. Thereafter defendant (appellant herein) moved the court for a new trial, which motion was overruled. These appeals are from the judgment and from the order overruling the defendant's motion for a new trial.

Evidence was admitted, over the objection of the defendant, [1] which tended to prove the value of the improvements placed upon the premises in question between the time of the purchase thereof and the time of the grading of Porphyry Street and Western Avenue. Defendant contends that a grade of the streets in question was duly established by the city of Butte; that after the establishment of such grade the plaintiffs were bound thereby, and could not recover for any improvements placed upon the premises between the time of the establishment of such grade and the grading of the streets in question. This contention cannot be sustained. The record in this case is silent as to the time when any grade was established by the city of Butte affecting the lots in question. It is true that the witness Strasburger testified concerning two certain ordinances, which ordinances had to do with the establishment of certain street grades, and that at the trial hereof plaintiffs admitted that such two ordinances, numbered 1002

and 1529, respectively, were duly passed and approved by the defendant, but neither of these ordinances were either offered or received in evidence.

Evidence of the cost of restoration of the property was [2] introduced over the objection of the defendant. Error is predicated upon the ruling of the trial court in admitting this character of testimony. This evidence tends to prove that by reason of the cutting down of Western Avenue and Porphyry Street, it became necessary, in order to make the property in question either habitable or salable, that a retaining wall be built in front of the lots along Porphyry Street, and at the side of lot 22 along Western Avenue; also that, in order to gain ingress to and egress from the property, it was necessary to construct steps leading from the sidewalk to the residence. Further, that some years prior to the grading of the said streets, trees had been planted near the property line, and that by reason of the removal of the earth in grading, the roots of these trees had been exposed and that the trees would die; also that certain shrubbery was so near the property line that the grade necessitated its removal. This evidence tended to prove the cost of the building of such retaining wall, of the steps in question, together with the value of the trees and the cost of the removal of the shrubbery.

We are of the opinion that the ruling of the trial court in admitting this evidence was correct. This court, in the case of *Eby* v. *City of Lewistown*, 55 Mont. 113, 126, 173 Pac. 1166, quotes with approval the rules announced as follows: "The general principle upon which compensation for injuries to real property is given is that the plaintiff should be reimbursed to the extent of the injury to the property. The injury caused by the defendant may be of a permanent nature; in such a case the measure of damages is the diminution in the market value of the property. * * * If the injury is easily reparable, the cost of repairing may be recovered. But it must be shown that the repairs were reasonable; and if the cost of repairing the injury is greater than the diminution in

market value of the land, the latter is always the true measure of damages. Strictly speaking, therefore, the cost of repairs is not the measure of damages, but only evidence of the amount of damages.'' (3 Sedgwick on Damages, sec. 932.)

''The general rule as to the measure of damage, whether for a change of grade, street opening, · or other improvement, is that it consists of the difference in the value of the property affected immediately before and immediately after the making of the improvement, allowance being made for the particular use to which the property is adapted, and for direct benefit it has received by reason of the improvement. * * * Where the rule is adopted that the measure of damages is the change in market value, specific items of injury can be considered only in determining the difference in market value, not as the basis of specific awards of damages. An abutting owner has no right to damages for a change of grade, where the property is left as convenient of access as before and there is no depreciation in its market value, or in case the market value of the property, including the use to which it may be devoted, will be enhanced.'' (28 Cyc. 1074–1076.)

''If the particular property is benefited as much as damaged, there can be no recovery, and benefits accruing to property by reason of the improvement may be set off against damages, if such benefits are special, and not in common with those resulting to property in general; but, where an abutting owner is assessed for the cost of the improvement, the only benefit that can be set off is that which is in excess of the assessment levied against him.'' (28 ·Cyc. 1079, 1080.)

''If, by reason of a public improvement, injury is caused to private property for which the public corporation constructing the improvement is liable in damages, the measure of damages is the difference between the market value of the property as it was before the alteration and as it was immediately afterwards, subject to deduction for special benefits caused by such improvements.'' (2 Page & Jones on Taxation and Assessment, sec. 661.)

· "The measure of damages resulting to property from the change of grade of a street, or other public improvement, is the difference between the fair market value of the property just before the work was done and such value thereafter, less any special benefit and advantage thereto resulting from the improvement." (4 McQuillin on Municipal Corporations, sec. 1991.)

Mr. Chief Justice Brantly, in commenting upon the rule enunciated by the foregoing authorities, says: "Tested by the rule laid down in these authorities, the evidence showing the cost of restoration was competent and material." (*Eby* v. *City of Lewistown, supra;* 13 R. C. L. 108, sec. 97.)

Ruling Case Law further states the rule as follows: "The measure of damages for the change of grade of a street is · the difference in market value before and after the change, so far, of course, as the difference is due to the change, excluding consideration of general damage suffered by the community at large and general benefits enjoyed by the community at large, except in the few jurisdictions which allow general benefits to be set off. Everything which affects the market value is to be taken into consideration. The creation of noise and dust, the invasion of privacy, the deprivation of light and means of access, the burden of additional fencing and like matters are to be included, not by being added together item by item, but to the extent that, taken as a whole, they detract from the market value of the property. It often happens, in the case of a change of grade, that by raising or lowering the adjoining premises to correspond with the new grade of the street they can be placed in the same relative position to the street as before, and thus brought back to the same market value. The cost of thus restoring the premises is admissible in evidence in connection with other evidence as to the injury to market value; but it is not the measure of damages unless it is the most reasonable method of treating the property, or in other words unless it is no greater in amount than the decrease in market value of the property if it is left as it stood." (10 R. C. L., p. 175, sec. 152.)

64 Mont.—24

"The measure of damages is such sum as will compensate the owner for the injury sustained by reason of the grading of the street or highway in front of his premises, which is usually the diminution in the market value of the property, less the benefits derived from the improvement.  *  *  *  As proper elements may be considered the removal or destruction of, or damage to, trees planted by the lot owner or his grantors, and growing upon that part of the street contiguous to his lot, and the cost of lowering a building on abutting property to the new established grade.  *  *  *  The witnesses may state the fair market value of the property as a whole, or its value per foot front, and may tell in detail all the changes produced in the property, and testify to any fact or circumstances within their knowledge affecting the fair market value of the property."   (13 R. C. L. 108, sec. 97.)

The rule thus set forth is recognized generally by the courts. (*Sweeney* v. *Montana C. Ry. Co.*, 25 Mont. 543, 65 Pac. 912; *Kimball* v. *Salt Lake City*, 32 Utah, 253, 125 Am. St. Rep. 859, 10 L. R. A. (n. s.) 483, 90 Pac. 395; *Sallden* v. *City of Little Falls*, 102 Minn. 358, 120 Am. St. Rep. 635, 13 L. R. A. (n. s.) 790, 113 N. W. 884; *Hartshorn* v. *Chaddock*, 135 N. Y. 117, 17 L. R. A. 426, 31 N. E. 997; *Enid & A. Ry. Co.* v. *Wiley*, 14 Okl. 310, 78 Pac. 96.)

Contention is further made that the evidence is insufficient [3] to sustain the verdict and judgment, and that the trial court erred in overruling defendant's motion for a new trial. This contention must be overruled.   Witness Heilbronner, testifying in behalf of the plaintiffs, stated in substance that in his opinion the difference in the value of the property in question, immediately preceding the cutting down of the streets and immediately thereafter, was $1,000, and to this must be added the cost of building the retaining wall.   There was other testimony to the same effect.   The evidence shows that the grading down of the streets in question necessitated the building of the retaining wall.   The undisputed evidence is to the effect that the cost of constructing the retaining wall is greatly in excess of the difference between $1,000 and the amount of the

verdict. It is true that witnesses for the defendant testified
that the damage was very much less than that stated by
plaintiffs' witnesses. It is also true that some of the witnesses
for the defendant testified that no damage whatsoever was done.
The evidence produced in behalf of plaintiffs is not in har-
mony with that introduced on behalf of the defendant, either
as to whether any damage was done or as to the amount
thereof. It was the province of the jury, keeping within the
limits of the evidence introduced, and guided by the instruc-
tions of the court, to ascertain whether or not the plaintiffs
had suffered damage, and, if so, the amount thereof. The jury
found that the plaintiffs had been damaged, together with the
amount of such damage. The trial court reviewed this action
of the jury upon the hearing of the motion for a new trial,
and this court has held that the results thus reached are con-
clusive upon appeal. (*Herrin* v. *Sieben,* 46 Mont. 226, 127
Pac. 323; *Allen* v. *Bear Creek Coal Co.,* 43 Mont. 269, 115 Pac.
673; *Flavin* v. *Chicago, B. & Q. Ry. Co.,* 43 Mont. 220, 115
Pac. 667; *Armitage* v. *Chicago, M. & St. P. Ry. Co.,* 54 Mont.
38, 166 Pac. 301.)

Complaint is further made of the admission of certain testi-
[4] mony tending to show the cost of lowering certain water-
pipes, rendered necessary by reason of the grading of the
streets in question. The measure of damages is the reasonable
value of the work done and materials furnished. The price
paid is, however, some evidence thereof, and while the evidence
produced in this case of the reasonable value of the work done
and materials furnished is not as satisfactory or comprehensive
as it might have been, yet we are of the opinion that it is
not open to the objections made at the trial. (*Osmers* v. *Furey,*
32 Mont. 581, 81 Pac. 345; *Angell* v. *Hopkins,* 79 Cal. 181,
21 Pac. 729; *Jones* v. *Morgan,* 90 N. Y. 4, 43 Am. Rep. 431;
*Doll* v. *Hennessy Mercantile Co.,* 33 Mont. 80, 81 Pac. 625.)

The further contention is made that the trial court was in
error in submitting to the jury instruction No. 8. This instruc-
tion reads as follows: ''You are instructed that, if you find a
verdict for damage in favor of the plaintiffs, it then is within

your discretion to allow them interest on such damages at the rate of eight per cent per annum from the first day of September, 1918.''

The undisputed evidence in this case is that the work of [5] grading Porphyry Street and Western Avenue was completed in August, 1918. The plaintiffs' claim for damages grows out of the cutting down of these streets. If plaintiffs were entitled to compensation at all, they were entitled to it from the time of the completion of the work, at which time the entire injury, if any, to the property was complete. The injury, if any, was complete prior to September 1, 1918. This is an action for the breach of an obligation not arising from contract, and the jury in their discretion could allow interest. (Sec. 8663, Rev. Codes 1921; *Kimball* v. *Salt Lake City, supra; Caledonia Ins. Co.* v. *Northern Pac. Ry. Co.,* 32 Mont. 46, 79 Pac. 544.) It follows that the instruction was warranted by the evidence, is a correct statement of the law, and therefore was properly given.

We have examined the other errors complained of, and find no merit in any of them. We recommend, therefore, that the judgment and order overruling defendant's motion for a new trial be affirmed.

·PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*