**FEGLES CONST. CO., Limited et al. v. McLAUGHLIN CONST. CO.**

No. 13231.

United States Court of Appeals,
Ninth Circuit.

June 11, 1953.

Leif Erickson, Helena, Mont., Walker B. Davis and Richard A. Barton, Chicago, Ill., for appellants.

J. F. Emight, Butte, Mont., John Merriott Kline, Glasgow, Mont., for appellee.

Before MATHEWS and STEPHENS, Circuit Judges, and BYRNE, District Judge.

BYRNE, District Judge.

All of the parties are contractors who were engaged in construction work at Fort Peck Powerhouse on July 16, 1947, when a fire occurred which resulted in damage to property of appellee McLaughlin.

McLaughlin was building an addition to the powerhouse under a contract with the United States Government. Appellant Fegles was performing certain construction work under a contract with the United States Government, which included the installation of three surge tanks on top of the powerhouse. The installation of the surge tanks had been sublet by Fegles to appellant Chicago Bridge.

The trial court found that the fire was caused by the acts of the workmen installing the surge tanks who, "in doing and performing said work, negligently and carelessly permitted red hot rivets to escape and drop from the place where defendants were erecting, setting up and installing said three

steel surge tanks, and into and upon the said wood forms, timbers, scaffolding and lumber of the plaintiff", and that "the said defendants knew or by the exercise of ordinary care should have known, that red hot rivets had been repeatedly dropped and permitted to escape from their place of operations and into and upon the wood forms, timbers, scaffolding and lumber of the plaintiff, and that plaintiff's aforesaid wood forms, timbers, scaffolding and lumber had been repeatedly set on fire by such red hot rivets", and that the defendants failed to take any precautions to prevent the repeated dropping of red hot rivets.

■ These findings are attacked on the ground that the evidence is insufficient as a matter of law to support them; that a substantial portion of the evidence relied upon is circumstantial and subject to the rule that if the conclusion reached from the facts in the chain of circumstances is equally consonant with the issues to be proven and with some other theory or theories inconsistent therewith, it becomes a mere conjecture, and the rule of the burden of proof is not satisfied, citing Shaw v. New Year Gold Mines Co., 1937, 31 Mont. 138, 77 P. 515.[1]

■ This is a correct statement of the law, not only in Montana but in most, if not all, jurisdictions. However, it does not alter the general rule that in civil cases a preponderance of the evidence is sufficient to establish the fact in issue. While the plaintiff must show that the inferences favorable to him are more reasonable or probable than those against him, the circumstantial evidence in civil cases need not rise to that degree of certainty which will exclude every other reasonable conclusion.[2] The rule itself is operative chiefly in the

trial court and does not detract from the established principle that when a finding is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether, considering the whole record, there is substantial evidence which supports the conclusion reached by the trier of fact. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.

■ The evidence here not only supports the inference that the fire was caused by hot rivets, but it attains a greater degree of certainty than demanded by the rule, as it excludes every other *reasonable* hypothesis. The appellants suggest, as the cause of the fire, the possibility of arson, spontaneous combustion, a lighted cigarette or a discarded match. The short answer to that is that there is no evidence, direct or circumstantial, from which it could reasonably be inferred that the fire started from any of the suggested possibilities. As stated in the memorandum opinion of the trial court, "plaintiff is not required to conjure up mere possibilities or set up straw men just to knock them down". We conclude that the findings are not clearly erroneous.[3]

■■ The appellants assert that section 93–1301–4 of the Revised Codes of Montana, 1947,[4] will not permit an "inference upon an inference" and that a fact desired to be used circumstantially must itself be established by testimonial evidence. They cite no Montana cases so construing the statute, and we do not believe it is susceptible to such construction. It will be observed that the statute does not make any distinction between "a fact legally proved" by direct evidence and "a fact legally proved" by cir-

1. Jurisdiction in the instant case is grounded on diversity of citizenship and Montana law is controlling. Erie Railroad Co. v. Thompkins, 1937, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

2. Johnson v. Herring, 89 Mont. 420, 300 P. 535.

3. cf. Rule 52(a) F.R.C.P., 28 U.S.C.A. United States v. United States Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746.

4. Section 93–1301–4 of the Revised Codes of Montana, 1947, reads as follows: "An inference must be founded:
"1. On a fact legally proved; and,
"2. On such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of men, the particular propensities or passions of the person whose act is in question, the course of business, or the course of nature."

circumstantial evidence, but merely adopts the standard that "an inference must be founded * * * On a fact legally proved" without regard to whether the "fact" is established by direct or circumstantial evidence. The fallacy that an inference may not be based on another inference has been frequently repudiated by the courts [5] including this one.[6] This court, in E. K. Wood Lumber Co. v. Andersen, ibid, said: "the better reasoned cases sustain the holding that a 'fact,' although arrived at by indirect or circumstantial evidence, may serve as a basis for an inference", and cited Jones on Evidence (2d ed.) for the proposition that once the facts are established from which an inference logically flows or legally arises, whether such basic facts are established by circumstantial evidence or by direct testimony, it is the province of the trier of fact to deduce the inference.

The appellant Fegles contends that it is not liable for the negligent acts of the appellant Chicago Bridge because Chicago Bridge was an independent contractor. It is the general rule that an employer or primary contractor is not liable for the torts of an independent contractor. This rule is based upon the theory that the employer does not possess the power of controlling the person employed as to the details of the stipulated work and therefore is not answerable for an injury resulting from the manner in which the work is carried out. This general rule is subject to exceptions, one of which is applicable here. An employer or primary contractor is liable for injuries caused by the failure of an independent contractor to exercise due care with respect to the performance of work which is inherently or intrinsically dangerous. "An employer may not divest himself of the primary duty he owes to other members of the community by contracting with others for the performance of work, the necessary or probable result of which is injury to third persons." A. M. Holter Hardware Co. v. Western Mortgage & Warranty Title Co., 1915, 51 Mont. 94, 149 P. 489, 490, L.R.A.1915F, 835. This exception places an absolute, nondelegable duty upon the employer to see that all reasonable precautions shall be taken during the performance of the work to the end that third persons may be adequately protected against injury.[7]

Work not inherently dangerous under some circumstances may be inherently dangerous under other circumstances.[8] Thus, construction work near a street or sidewalk may, by reason of proximity to the street or sidewalk, be inherently dangerous.[9] Riveting, while not inherently dangerous under all circumstances, becomes inherently dangerous if done over men and materials where no protection is afforded the men and materials below.

5. New York Life Ins. Co. v. McNeely, 1938, 52 Ariz. 181, 79 P.2d 948; Hinshaw v. State, 1897, 147 Ind. 334, 47 N. E. 157, 158; Welsch v. Charles Frusch Light & Power Co., 1923, 197 Iowa 1012, 193 N.W. 427; L'Esperance v. Sherburne, 1931, 85 N.H. 103, 115, 155 A. 203; State v. Fiore, 1913, 85 N.J.L. 311, 88 A. 1039; Jackson v. Delaware, L. & W. R. Co., 1933, 111 N.J.L. 487, 170 A. 22; Hepp v. Quickel Auto & Supply Co., 1933, 37 N.M. 525, 25 P.2d 197; Gypsy Oil Co. v. Ginn, 1931, 152 Okl. 30, 3 P.2d 714; Madden v. Great Atlantic & Pacific Tea Co., 1932, 106 Pa.Super.Ct. 474, 162 A. 687; Neely v. Provident Life & Accident Ins. Co., 1936, 322 Pa. 417, 185 A. 784; Jackson v. United States Pipe Line Co., 1937, 325 Pa. 436, 191 A. 165.

6. E. K. Wood Lumber Co. v. Andersen, 9 Cir., 1936, 81 F.2d 161, 166; Ross v. United States, 9 Cir., 1939, 103 F.2d 600.

7. A. M. Holter Hardware Co. v. Western Mortgage & Warranty Title Co., 1915, 51 Mont. 94, 149 P. 489; Neyman v. Pincus, 1928, 82 Mont. 467, 267 P. 805; Ulmen v. Schwieger, 1932, 92 Mont. 331, 12 P.2d 856; St. Louis & S. F. R. Co. v. Madden, 1908, 77 Kan. 80, 93 P. 586, 17 L.R.A.,N.S., 788; 27 Am.Jur. 515 et seq.; Restatement, Torts, section 427.

8. Besner v. Central Trust Co., 1921, 230 N.Y. 357, 130 N.E. 577, 578–579, 23 A. L.R. 1081; also see Amann v. City of Tacoma, 1932, 170 Wash. 296, 16 P.2d 601, 607.

9. Philadelphia, B. & W. R. Co. v. Mitchell, 1908, 107 Md. 600, 69 A. 422, 424, 17 L.R.A.,N.S., 974; Privitt v. Jewett, Mo. App.1920, 225 S.W. 127, 128; McHarge v. M. M. Newcomer & Co., 1906, 117 Tenn. 595, 100 S.W. 700, 704, 9 L.R.A., N.S., 298; 27 Am.Jur. 523.

Prior to the fire in question Chicago's employees, who were working above McLaughlin's men and materials, repeatedly dropped red hot rivets which started fires on McLaughlin's property. Fegles' superintendent was continuously present in a supervisory capacity and was advised of the dangerous condition that existed. Evidence was admitted without objection that protective nets were successfully used *after the fire in question,* but no protective steps were taken following the previous fires. The trial court did not err in holding that the character of this work was such as to fall within the exception to the general rule that a primary contractor is not responsible for the torts of an independent contractor.

The admission of evidence regarding fires caused by rivets dropped prior to the fire in question is assigned as error. The trial court admitted and considered the evidence for the limited purpose of establishing "that defendants employed a method of handling rivets which was dangerous, hazardous and negligent; that a safe method was available to defendants; that as a result of the method used many fires of necessity occurred; that defendants had notice and knowledge of these facts". The admission of the evidence for this purpose was not error.[10] Whether this evidence might have been admissible for a broader purpose is not before us.

The final specification of error is that the court erred in awarding interest to the plaintiff. This contention is without merit. See Caledonia Insurance Co. v. Northern Pacific R. Co., 1905, 32 Mont. 46, 79 P. 544; Burns v. Eminger, 1929, 84 Mont. 397, 276 P. 437; Dewell v. Northern Pacific R. Co., 1917, 54 Mont. 350, 170 P. 753; Wright v. City of Butte, 1922, 64 Mont. 362, 210 P. 78; Phelps v. Great Northern R. Co., 1923, 66 Mont. 198, 213 P. 610.

Affirmed.

10. Evans v. Erie R. Co., 6 Cir., 1914, 213 F. 129, 133; Framke v. Hanly, 1905, 215 Ill. 216, 74 N.E. 130; Hagerstown & Frederick R. Co. v. State, 1921, 139 Md. 507, 115 A. 783, 19 A.L.R. 797; Wigmore on Evidence (3d ed.) sections 13, 252, 452, 454.