DA 12-0264

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 87

WEINHEIMER RANCH, INC.,

      Claimant and Appellant,

   v.

GEORGE A. POSPISIL,

      Objector and Appellee.

APPEAL FROM:    Montana Water Court,
                      Lower Missouri Division, Judith River Basin, Cause No. 41S-A1
                      Honorable C. Bruce Loble, Chief WaterJudge

COUNSEL OF RECORD:

      For Appellant:

          James A. Hubble, Hubble Law Firm, PLLP; Stanford, Montana

      For Appellee:

          Craig R. Buehler, Attorney at Law; Lewistown, Montana

                         Submitted on Briefs:  October 30, 2012

                                    Decided:  April 9, 2013

Filed:

                         _____
                                  Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Weinheimer Ranch, Inc. (the Ranch) appeals from an order of the Montana Water Court (Water Court) that the Ranch had failed to support with sufficient evidence its motion to amend its previously filed claim's historical right and priority date. We affirm.

¶2 We address the following issues on appeal:

¶3 *Whether the facts in the record required an inference that the Ranch's predecessor in interest mistakenly had listed Section 9 instead of Section 4 on his 1896 Notice of Appropriation?*

¶4 *Whether the Water Court properly determined that the Ranch had failed to present substantial evidence in support of its motion to amend its claim?*

## BACKGROUND AND HISTORY

¶5 Pursuant to Article IX, Section 3(4), of the Montana Constitution, the legislature has provided for the administration, control, and regulation of water rights. *Mont. Trout Unlimited v. Beaverhead Water Co.*, 2011 MT 151, ¶ 2, 361 Mont. 77, 255 P.3d 179; *see also*, §§ 85-2-101, MCA to 85-2-907, MCA. The Water Court possesses the exclusive authority to adjudicate existing water rights. Section 85-2-216, MCA; *Rule 1(a), Water Rights Adjudication Rules* (*W. R. Adj. R.*). The Court has set forth the Water Court's practices and procedures in the Montana Water Rights Adjudication Rules. *See Rule 1(a), W. R. Adj. R.*

¶6 Franz Weinheimer filed a notice of appropriation in 1971. The 1971 notice of appropriation alleges that Franz Weinheimer, through his predecessors in interest, had

appropriated 2,500 gallons per minute (gpm) from "an unnamed water course" in 1900. The notice lists a point in Section 4, Township 14 North, Range 16 East as the point of diversion. Franz's son, Francis E. Weinheimer (Weinheimer), filed Claim 41S-W-100200-00 (Claim) with the Montana Water Court on December 7, 1981. The Claim generally tracks the 1971 Notice of Appropriation. Weinheimer transferred the property interests in the Claim to Weinheimer Ranch, Inc. (Ranch) on December 12, 1991. The Ranch now owns the rights to the Claim.

¶7      The Water Court issued a Temporary Preliminary Decree for the Judith Basin River on May 17, 1984. The Temporary Preliminary Decree provides George K. Pospisil (Pospisil) a priority date of 1897. Pospisil owns property adjacent to the Ranch. The same decree provides the Ranch with a 1900 priority date. Odenwald Creek serves as the listed point of diversion for the water rights of both Pospisil and the Ranch. No one objected to the Temporary Preliminary Decree with respect to the priority dates for Pospisil and the Ranch.

¶8      The Ranch diverts its water from Odenwald Coulee in Section 4. The Ranch diverts the water by a headgate and conveys the water by ditch to irrigate 20 acres of agricultural land. The Claim has a flow rate of 2,500 gpm for an annual volume of 60 acre-feet per year. The Claim includes a filed historical right with a priority date of December 31, 1900. Pospisil's filed water right, with a priority date of 1897, currently stands senior to the Ranch's Claim, with its priority date of 1900.

¶9      The Ranch filed a motion to amend the Claim on October 9, 2002. The Ranch filed a supplement to the motion on May 30, 2003. The Ranch's motion seeks to amend the

3

Claim's historical right, priority date, and source. Pospisil filed an objection to the amendment of the Claim's historical right and priority date on August 25, 2003.

¶10 Pospisil does not contest the Ranch's proposed source amendment. The source amendment seeks to correct an error by administrative officials of the Department of Natural Resources and Conservation (DNRC) who had changed the source, on their own accord, from Odenwald Coulee to Odenwald Creek. The DNRC officials thought that they were correcting a misdesignation in the Claim. The parties, the Water Master, and the Water Court all agree that the original Claim correctly stated the actual source as Odenwald Coulee.

¶11 Senior Water Master Kathryn L. W. Lambert (Water Master) held a hearing on the Ranch's motion in April 2004. The Ranch relied on two separate documents to support its motion. The Ranch discovered both documents in 2002, after Pospisil had made a call on water on Odenwald Coulee.

¶12 The Ranch first presented the Notice of Appropriation of Water Right (1896 Notice) filed in 1896 by Adrian Odenwald (Odenwald), a predecessor in interest. Odenwald's 1896 Notice provides as follows:

> That [Adrian Odenwald] has taken said water out of, and diverted it from said springs by means of a ditch which said ditch is 24 inches by 12 inches in size and carries or conducts 120 inches of water from said springs . . . arising in Sec. 9 Twp. 14 N R. 16 E.

Odenwald further attested in the notarized 1896 Notice "that he knows the contents of said notice and statement foregoing, and that the matters and things therein stated are true."

4

¶13     Odenwald's 1896 Notice lists a priority date of 1882. The 1896 Notice clearly states that Odenwald appropriated the water from "Sec. 9." The Ranch argued, however, that Odenwald had intended to provide for a diversion from Section 4. The Ranch determined that Odenwald's 1896 Notice represented the same water right reflected in its Claim. This determination prompted the Ranch to file the motion to amend the priority date for the Claim from 1900 to 1882.

¶14     The Ranch further relied upon a Montana Water Resources Survey of Fergus County (Resources Survey) conducted by the Montana Resources Board in 1969. The Resources Survey noted that Odenwald had filed the 1896 Notice for a water right claim to 120 miner's inches of water from "a group of springs arising in Odenwald Coulie [sic]" with a priority date of March 1882.

¶15     Weinheimer, who has been familiar with the property since 1951, testified that he had never seen a ditch passing from Section 9 to Section 4 as described in Odenwald's 1896 Notice. Scott Irvin of the DNRC Lewistown Regional Office testified that he saw no traces of any ditch from Section 9 to Section 4 in a 1962 aerial photograph of the area. Pospisil conceded at the hearing that no evidence existed of any ditch that passed from Section 9 to Section 4 from at least the 1930's until the present. The Water Master agreed that nothing in the record supported the notion that any flowing water existed in Section 9 in 1882, or any time since that date, from which Odenwald could have diverted the water that he claimed to have appropriated through the 1896 Notice.

¶16 The Ranch further pointed to the undisputed fact that Odenwald never owned land in Section 9. Odenwald owned land only in Section 4. The Ranch also argued that the point of diversion listed in Odenwald's 1896 Notice sits only one-quarter mile from the point of diversion in Section 4 from which the Ranch claimed that Odenwald actually had appropriated water. The Ranch finally pointed to the 1969 Resources Survey and its reference to Odenwald's 1896 Notice. The Ranch argued that the Water Master should have inferred from these facts, pursuant to § 26-1-501, MCA (defining inference), that Odenwald mistakenly had described the point of diversion as Section 9 in his 1896 Notice.

¶17 The Water Master found it "unlikely" that any surface water ever flowed in Section 9. The Water Master did not call into question the Ranch's assertions that Odenwald never owned land in Section 9, or that the point of diversion listed in Odenwald's 1896 Notice sits one-quarter of a mile from where the Ranch claims that Odenwald actually diverted water. The Water Master nevertheless recommended that the Water Court deny the Ranch's motion to amend the Claim's historical right and priority date on the basis that Weinheimer had failed to support the motion with sufficient evidence. The Water Master noted that Odenwald's notice "has been of record" since he filed it in 1896. The Water Master deemed it impossible to change "such a material component of that notice some one hundred years after the fact – a material component which Adrian Odenwald swore was true."

¶18 The Water Court adopted the majority of the Water Master's findings and conclusions. The Water Court dismissed as impermissibly speculative, however, the Water Master's determination that no surface water ever existed in Section 9 going back to 1882.

6

The Water Court determined instead that the record supported a finding of no water in Section 9 going back only to the 1930's. The Water Court adopted the Water Master's overall recommendation and denied the Ranch's motion to amend the Claim's historic rate and priority date.

**STANDARD OF REVIEW**

¶19    The Water Court reviews all objections to temporary preliminary decrees under authority granted in § 85-2-233, MCA. The Water Court reviews a Water Master's findings of fact to determine whether they are clearly erroneous. Mont. R. Civ. P. 53(e)(2). We review the Water Court's findings of fact to determine whether they are clearly erroneous. *Interstate Prod. Credit Ass'n v. DeSaye*, 250 Mont. 320, 323, 820 P.2d 1285, 1287 (1991). When a reader reasonably can deduce two or more inferences from the facts, the reviewing court lacks power to substitute its deductions for those of the finder of fact. *Fegles Const. Co. v. McLaughlin Const. Co.*, 205 F.2d 637, 639 (9th Cir. 1953). We review for correctness the Water Court's conclusions of law. *Geil v. Missoula Irr. Dist.*, 2002 MT 269, ¶ 22, 312 Mont. 320, 327, 59 P.3d 398.

**DISCUSSION**

¶20    *Whether the facts in the record required an inference that the Ranch's predecessor in interest mistakenly had listed Section 9 instead of Section 4 on his 1896 Notice of Appropriation?*

¶21    A properly filed water claim constitutes prima facie proof of the claim's content. *Rule 19, W. R. Adj. R.*, citing § 85-2-227, MCA. A party may rebut this presumption through

other evidence that proves by a preponderance of the evidence that the elements of the claim "do not accurately reflect the beneficial use of the water right as it existed prior to July 1, 1973." *Rule 19, W. R. Adj. R.* Rule 19 further provides that the preponderance of the evidence standard applies to "every assertion that a claim is incorrect including for claimants objecting to their own claims." *Rule 19, W. R. Adj. R.*

¶22 The Ranch argues that the evidence in the record requires an inference that Odenwald intended to list the point of diversion for the 1896 claim as Section 4 instead of Section 9. The Ranch contends that the Water Court's failure to make this inference should leave the Court with the "definite and firm conviction that a mistake has been committed" and that this conviction should require the Court to reverse the Water Master's failure not to make the inference. *DeSaye*, 250 Mont. at 323, 820 P.2d at 1287. Without this inference, the Ranch argues that its Claim does not reflect accurately the beneficial use of its water right as it existed prior to July 1, 1973.

¶23 Section 26-1-502, MCA, provides that inferences made by a factfinder must be founded on: (1) a fact legally proven; and (2) a deduction from that fact "that is warranted by a consideration of the usual propensities or passions of people, the particular propensities or passions of the person whose act is in question, the course of business, or the course of nature." The Ranch challenges the Water Master's failure to infer from the evidence presented that Odenwald actually had intended to list "Section 4" as his point of diversion in his 1896 Notice.

8

¶24 The Water Court recognized that the Water Master, as the trier of fact, possessed the authority to have made the inference urged by the Ranch. We agree. The Water Master declined to make the inference urged by the Ranch. The facts in the record prove insufficient for this Court to require the Water Master to have inferred that Odenwald had intended to list Section 4 instead of Section 9 on his 1896 Notice.

¶25 Odenwald's 1896 Notice serves as prima facie evidence that the information contained in the notice is correct. Odenwald prepared and submitted the 1896 Notice. He further attested to its accuracy. No one challenged the accuracy of Odenwald's 1896 Notice for more than a century. In fact, the Ranch and its predecessors in interest had filed claims on several occasions that listed a priority date of 1900. The extrinsic evidence presented by the Ranch did not rise to the level that required the Water Master to infer that Odenwald mistakenly had listed Section 9 as the source of his water in his 1896 Notice. The Water Master reasonably declined to infer that Odenwald had made a mistake in his 1896 Notice. *Fegles Constr. Co.*, 205 F.2d at 639.

¶26 *Whether the Water Court properly determined that the Ranch had failed to present substantial evidence in support of its motion to amend its claim?*

¶27 The Ranch challenges the Water Master's finding that the Ranch had not presented sufficient evidence to support its motion to amend the historical right or priority date of its Claim. We will not disturb a finding of fact unless the finding is clearly erroneous. S*ee* § 26-1-501, MCA; *see also*, *DeSaye*, 250 Mont. at 322, 820 P.2d at 1287. We have established a three-prong test to determine when factual findings are clearly erroneous.

*DeSaye*, 250 Mont. at 323, 820 P.2d at 1287. The three prongs are whether: (1) substantial evidence supports the findings of fact; (2) the fact finder misapprehended the effect of the evidence; and (3) a review of the record leaves the Court with the definite and firm conviction that a mistake has been committed. *DeSaye*, 250 Mont. at 323, 820 P.2d at 1287.

¶28 Substantial evidence in the record supports the Water Court's finding. The Ranch properly filed the Claim pursuant to § 85-2-221, MCA. The Claim itself serves as prima facie evidence that the information contained in the claim is true. *Rule 19*, *W. R. Adj. R.* The Ranch's claim will not be disturbed absent a showing by the preponderance of the evidence that the information in the claim is incorrect. *Rule 19, W. R. Adj. R.*; *see* § 89-813, RCM. This preponderance of the evidence standard applies to the Ranch's proposed amendment of its Claim filed with the Water Court and its effort to correct what it claims to be an error in Odenwald's 1896 Notice. *See* § 89-813, RCM; *Rule 19, W. R. Adj. R.*

¶29 Odenwald filed a sworn and notarized statement in the 1896 Notice in which he attested that "he [Adrian Odenwald] knows the contents of [his] notice and statement" and "that the matters and things therein stated are true." The Water Master reasonably assumed that Odenwald stood in the best position to determine whether his point of diversion was in Section 9 or Section 4. Odenwald's 1896 Notice makes no express reference to Section 4 as the point of appropriation.

¶30 Odenwald did not claim an 1882 priority date in the filing that the Ranch previously had relied upon to establish the Claim's 1900 priority date. The Ranch's predecessors in

interest previously did not file a claim with the Water Court that alleged an 1882 priority date. The Ranch did not seek to amend its claim until 2002 despite the fact that the Ranch admitted that Franz Weinheimer, "in 1969, was aware that he had a water right first appropriated by Adrian Odenwald in March of 1882."

¶31 Further, Odenwald's 1896 Notice establishes a rebuttable presumption that the information contained in the 1896 notice is correct. *See* § 89-813, RCM; § 26-1-602(4), MCA. The Ranch argues that lack of water in Section 9 suggests that Odenwald must have meant Section 4. The Ranch asserts that the water that was the subject of the 1896 Notice "had to come from somewhere and that 'somewhere' was a group of springs in Section 4." Water that was in existence at the time *would* "[have] to come from somewhere." Whether the "somewhere" must have been from Section 4 remains uncertain. Even if the Ranch successfully had established that Section 9 never has contained water, the Ranch failed to provide sufficient evidence to support the conclusion that Odenwald meant to appropriate water in his 1896 Notice specifically from Section 4.

¶32 The fact that Odenwald owned no land in Section 9, on its own, fails to rebut the presumption created by Odenwald's 1896 Notice. As the Water Court noted, "it [was] not unusual for a water user to appropriate water from a source outside the exterior boundaries of a water user's property." *See, e.g.*, *Smith v. Denniff*, 24 Mont. 20, 60 P. 398 (1900).

¶33 We also must assume that Odenwald took ordinary care of his concerns. Section 26-1-602(4), MCA. If Odenwald had a priority date for a claim in Section 4 going back to 1882, instead of 1900, we must assume that Odenwald would have taken efforts to

11

substantiate that claim in the same manner that he had taken to substantiate the information the Ranch later relied upon to establish the claims related to the 1900 priority date.

¶34 Finally, the Water Master and the Water Court also reviewed the 1969 Resources Survey. The Resources Survey describes two separate claims held by the Ranch's predecessors in interest. The Ranch asserts that both claims apply to the same water. The Water Court determined that one of the claims – Claim 41S-W-100200-00 – constituted the claim that the Ranch later had filed with the Water Court in 1981. The Resources Survey also describes a second claim. This second claim originates in Section 9. The Water Court determined that this second claim had been abandoned due to the failure of the Ranch, or its predecessor in interest, to file the claim as required by § 85-2-221, MCA. *See also*, *In re the Adjudication of the Yellowstone River*, 253 Mont. 167, 171, 832 P.2d 1210, 1212 (1992).

¶35 The Ranch has argued that the water appropriated by Odenwald's 1896 Notice and the Claim filed with the Water Court represent the same claim. The Resources Survey could be found, however, to support the opposite conclusion—that the two claims are distinct. Our review of the credible evidence in the record does not lead us to determine that the Water Master misapprehended the effects of the evidence. The Water Court determined that the preponderance of the evidence did not suggest that Odenwald necessarily had intended to list Section 4, instead of Section 9, in his 1896 Notice. Our review of the record similarly fails to leave us with a definite and firm conviction that the Water Court mistakenly denied the Ranch's motion to amend its claim. *DeSaye*, 250 Mont. at 323, 820 P.2d at 1287.

¶36 Affirmed.

12

/S/ BRIAN MORRIS

We Concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE